STAPLES, J.
This is an action on the case for the seduction of the plaintiff’s daughter. The declaration contains two counts. It is insisted that the second count is defective, and that the circuit court erred in overruling the demurrer to it. The ground of objection is, that no relation of master and servant is set forth, but merely an allegation that the plaintiff as parent is entitled to the services of the daughter. The count avers that the daughter is under twenty-one years of age and unmarried, and was so at the time of the seduction, and the plaintiff then was and still is entitled to her attentions and services. This is a sufficient averment of the relation of master and servant; for the rule is well settled that whilst the daughter is under twenty-one years of age she is for the purposes of the action regarded as the servant of the father, even though she may not be living with him at the time, ^unless, indeed, he has renounced all claim to her services. Lee v. Hodges, 13 Gratt. 737.
But apart from these considerations, the second count in this case is copied from a form laid down in the 4th vol. of Rob. Prac. 626, which the author says was taken from the second count in Lee v. Hodges, already cited; and was held by this court to be good on demurrer. This would seem to be conclusive of the question. The circuit court therefore did not err in overruling the demurrer. See also 2 Hilliard on Torts 512.
The second ground of error is, that in an action for seduction, evidence of the pecuniary circumstances of the defendant is not admissible by way of enhancing the damages; and the circuit court therefore improperly allowed the plaintiff to adduce testimony showing the value of the defendant’s estate.
It must be admitted _ there are very respectable authorities which fully sustain this view. It is so laid down in Wood’s Mayne on Damages 661; and the case of Hodsoll v. Tayler, L. R. 9 Q. B. 79, is cited as authority; and Lord Mansfield is quoted as saying it should be immaterial whether the damage came out of a deep pocket_ or not. The learned counsel also cites Dain v. Wycoff, 3 Seld. R. 191, as sustaining the same rule. Unfortunately we have here none of there-ported cases on the subject; but if the elementary writers are to be relied on, the great weight of modern authority is the other way — holding it to be competent _ to show the position and pecuniary condition of the defendant in aggravation of damages. Field on Damages, § 699; 2 Green! on Evi.. § 579; 5th Wait’s Actions and Defences 668, and numerous cases there cited. 2 Hilliard on Torts 520.
It is a matter of some surprise there could ever have been a question as to the admissibility of such evidence.
*As has been well said, the damages in this action are not measured by the mere loss of service or the necessary expenses incurred; but they are given also to punish the seducer for the anguish and dishonor the outrage brings upon the parent These damages are not merely compensating — they may be exemplary in their nature. The rank and condition of the parties; the injury to the most sacred feelings and affections; the shame and disgrace cast upon the family;, and the anguish of mind in having a daughter whose society brings no comfort to the parent, and whose example may corrupt other members of the family, are all proper to be considered. This being so, the •jury in fixing the amount of the recovery, may and ought to have reference to the pecuniary circumstances of the defendant. In all such cases the wrong is aggravated in proportion to the wealth and position and rank of the guilty party. All of which may be the instruments by which he more readily accomplishes his purposes.
A verdict which would be absolutely ruinous to a man in moderate circumstances would scarcely be felt by one possessed of a large fortune, and would be but an invitation to a renewal of the offence whenever the opportunity occurred for its commission. If the jury believe the plaintiff is entitled to vindictive damages they will the more readily give them where they are satisfied the defendant is able to pay, than thy would be where the appeal is made that the verdict would reduce the defendant to bankruptcy and ruin. At all events it is better to place the jury in full possession of all the facts as to the condition and circumstances of the parties, than to leave them to grope their way in the dark, and to base their verdict upon fanciful conjectures and rumors. See McAulay v. Birkland, 13 Ired. R. 28. and cases already cited.
*The third ground of error, is the refusal of the court to give defendant’s second instruction; and that is, the plaintiff is not entitled to recover, if the jury believe that more than a year elapsed between the time of the seduction and the time of bringing the action. This instruction is founded upon the idea that under our statute which dispenses with proof of loss of service, the father, where the daughter is under twenty-one years of age, may sue for the seduction itself, and base his claim for damages on the wrongful act, without alleging or proving loss of service. Hence it is claimed that the seduction being now the gravamen of the complaint the statute commences running so soon as the act is committed. and the action therefore must be brought within twelve months, and not after.
The argument is plausible, but it proceeds upon a misconception of the effect of the statute. At common law uniformly everywhere the right of the father to recover damages for the seduction of the daughter is placed, not on the seduction itself, but up on the loss of service; in which the father is supposed to have a legal right or interest. *582 The loss of service was therefore the gist of the action, and some services must be proved however trifling and valueless. In the case of Barham v. Dennis, Croke Eliz. 669, cited in 2 Rob. Prac. 556, the distinction was taken between the daughter’s action for the trespass upon her, and the father’s action for the wrong per quod servi-tium amiset. No action having been brought by the daughter within four years, she was barred; but it was held the father might nevertheless sue for the consequential damage resulting from the seduction; as to which the limitation commences to run only from the time of such loss.
The object of our .statute was not to change this common law right of action, or the period of limitation *in such cases. It may be that the father can now sue for the seduction itself, and if he so declares, possibly the limitation will run from the commission of the offence. The. remedy is merely cumulative, however, and js rather the effect of the statute than its design. The sole purpose of the statute was to dispense with proof of loss of service, which in most ca-ses was treated as a mere consequence to the action, the form simply through which the injury was presented to the court. It can scarcely be supposed that the legislature in removing out of the way of the parent a mere legal fiction, intended to make so radical a change in the form of the action, or in the period of limitation, as practically in a majority of cases to defeat all right of recovery. I take it therefore that the father may still sue as at common law, making the loss of service the gravamen of his complaint and in such case the limitation is as at common law. In Cooley on Torts 232, it is said the time when the cause of action is deemed to have accrued, may depend on the form of the action itself. This may be either in trespass or in case. After stating the instances in which trespass must be brought for the wrongful act, the author proceeds to say: but if at the time of the seduction the daughter be abroad, and returns to the house of her parents, where expenses are incurred, and loss actually or by presumption of law, is suffered, in consequence of the seduction, the right of action is deemed to arise from this expense or loss; but the action must be in case for the consequential damage or injury. That is precisely this case. For the daughter was in temporary service at the house of the defendant, where the seduction was accomplished. She returned to her father’s house and was there confined and delivered of a child, and expense and loss were incurred in nursing and taking care of her during that ^period, and from that date the limitation commences to operate.
Upon the whole case I think there is no error in the proceedings and the judgment must be affirmed.
The other judges concurred in the opinion of Staples, J.
Judgment affirmed.